```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CODY GOSS, a minor by and through his p/n/g TAMMY GOSS,<br><br>            Plaintiff,<br><br>     v.<br><br>ALLOWAY TOWNSHIP SCHOOL and ALLOWAY TOWNSHIP SCHOOL DISTRICT,<br><br>            Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-5515 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

HILL & ASSOCIATES, P.C.
By: Susan B. Ayres, Esq.
123 S. Broad Street, Ste. 1100
Philadelphia, PA 19109
          Counsel for Plaintiff

METHFESSEL & WERBEL, ESQS.
By: William J. Rada, Esq.
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ 08818
          Counsel for Defendants

**IRENAS**, Senior District Judge:

     Plaintiff Cody Goss, by and through his mother Tammy Goss, initiated this action after injuring himself during recess on a playground owned and operated by Defendants Alloway Township School and Alloway Township School District (collectively "Defendants").  The Complaint asserts claims for negligence and for violations of Plaintiff's constitutional right to bodily

1

integrity pursuant to 42 U.S.C. § 1983.[1]  Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that Plaintiff failed to make out any constitutional claims and that the Court lacks subject matter jurisdiction over the remaining negligence claim.

**I.**

On October 22, 2008, Plaintiff, then a six-year-old first grade student, was playing on the monkey bars of Defendants' playground.  (Compl. ¶¶ 3, 10.)  While playing unassisted and unsupervised, Plaintiff fell to the cement-like surface of the playground and suffered a "displaced wrist fracture."[2]  (Id. ¶ 12.)

Plaintiff attributes his injuries to Defendants' alleged practice of "mak[ing] decisions regarding the upkeep, maintenance, and care of School and School District property for purely economic reasons regardless of the resultant cost to student safety."  (Compl. ¶ 40.)  This "cost-cutting" practice resulted in two policies which allegedly caused Plaintiff's injuries: Defendants' policy of allowing students to play on a

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] In the six months before his fall, Plaintiff alleges that three other elementary school students were injured on the playground.  (*See* Compl. ¶¶ 14-17.)  One student broke an elbow, another broke an arm, and the third suffered a torn spleen and concussion.  (*Id.*)

cement-like playground, and their policy of allowing students to remain unsupervised and unassisted on the playground.  (*See* Compl. ¶¶ 41-42.)

Regarding the playground surface, Plaintiff alleges that "the risk of harm to students playing on a playground with a cement-like surface is so great that Defendants undoubtedly knew that their decision not to pay for sufficient padding of the playground surface" put Plaintiff at a "heightened risk for bodily harm."  (Id. ¶ 22; Pl's Opp. Br. at 8.)

Regarding supervision on the playground, Plaintiff alleges that Defendants failed "to properly train and supervise its employees, servants and/or agents with regard to the supervision and assistance required for the playground and its users." (Compl. ¶ 43.)  Plaintiff further alleges that Defendants "allow[ed] the playground and its users to go unsupervised, unmonitored, and unassisted."  (Id. ¶ 26.)

On October 22, 2010, Plaintiff filed a Complaint in this Court.  In addition to a negligence claim, Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 seeking to remedy Defendants' alleged violation of his liberty interest in bodily integrity protected by the Due Process Clause of the Fourteenth Amendment.[3]

---

[3]  Section 1983 provides:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

On December 1, 2010, Defendants filed the instant Motion to Dismiss.

**II.**

**A.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The

---

any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

4

complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## B.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) motions may be based upon the complaint's face or its underlying facts. *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

"A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the

allegations in the complaint as true." *Pittman v. Metuchen Police Dept.*, No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009).

A factual attack permits the court to consider conflicting evidence that may bear on its jurisdiction. *Id.* "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l v. Oriental Rug Importers Ass'n Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III.

Underlying the instant motion to dismiss is a fundamental disagreement about the nature of this case. According to Plaintiff, this case is about constitutional violations that resulted from Defendants' cost-cutting policies to (1) not provide playground padding and (2) to use less staff to monitor the playground. (Pl's Opp. Br. at 19.) However, Defendants contend that this case has nothing to do with Plaintiff's constitutional rights and instead is "a garden-variety negligence case involving a school board." (Defs' Br. at 12.)

Plaintiff's Complaint alleges violations of the Fourteenth Amendment Due Process Clause under three theories: state-created

danger (Count I), a deprivation of substantive due process by a state actor (Count II), and municipal liability under *Monell* (Count III).[4]

Defendants move to dismiss all of Plaintiff's constitutional claims, arguing that Plaintiff has failed to state any claim for relief.  In addition, Defendants move to dismiss Plaintiff's negligence claim for lack of subject matter jurisdiction.  The Court will consider the sufficiency of each of Plaintiff's constitutional claims before turning to Defendants' argument concerning lack of subject matter jurisdiction.

**A.**

Count One of the Complaint alleges a violation of Plaintiff's constitutional right to bodily integrity based on a state created danger theory.  Defendants argue that Plaintiff has failed to state a claim because their alleged conduct was neither affirmative nor shocking to the conscience and thus fails to satisfy two of the required elements for a state created danger claim.  (*See* Defs' Br. at 19-22.)

A state created danger claim requires proof of four elements:  "(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of

---

[4]   *See infra* Section III.C.

culpability that shocks the conscience;[5] (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."  *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006)(internal quotations and citations omitted).[6]

---

[5]  In considering whether conduct shocks the conscience under a state-created danger theory, the level of culpability depends on how much time the defendant had to deliberate. *Sanford v. Stiles*, 456 F.3d 298, 309 (3d Cir. 2006).  In "hyperpressurized" contexts, intent to harm suffices, but where deliberation is possible and there is time for "unhurried judgments," a deliberate indifference standard applies.  *Id.*
    Here, Defendants' policies at issue clearly would have been made with time for deliberation.  Thus, the deliberate indifference standard applies.

[6]  The state created danger doctrine operates as an exception to the general rule that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).  Where a plaintiff is harmed by a non-governmental actor, the government may be liable under the state created danger doctrine because "the government has a constitutional duty to protect a person against injuries inflicted by a third-party when it affirmatively places the person in a position of danger the person would not otherwise have faced." *Walter v. Pike County Pa.*, 544 F.3d 182, 192 (3d Cir. 2008).

Plaintiff's state created danger claim fails because the facts alleged do not show that Defendants affirmatively used their authority in a way that created a danger to Plaintiff. The essence of Plaintiff's claim is that Defendants did nothing to make the playground safer before Plaintiff was harmed but after other students were injured. Although Plaintiff frames his allegations in terms of affirmative acts, the identified policies illustrate inaction: to not add padding to the playground and to not supervise the students. Mere inaction by a state actor cannot alone form the basis of a constitutional claim. "It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright*, 443 F.3d at 282. *See Sanford v. Stiles,* 456 F.3d 298, 312 (3d Cir. 2006)(rejecting plaintiff's attempts to recharacterize defendant's failures as affirmative acts and concluding that the case is more about a failure to prevent plaintiff's death); *Stover v. Camp*, 181 Fed. Appx. 305, 308 (3d Cir. 2006)(holding that the thrust of Plaintiffs' constitutional claim is a failure to make an intersection safer, which is not an affirmative act for the purposes of a state created danger claim).

---

The Court notes that because the state created danger doctrine originated as a vehicle for holding a government actor liable for harms inflicted by private individuals, it does not seem to apply to the instant case, where the harm is alleged to have been caused directly by the policy of a government actor and there are no factual allegations whatsoever concerning any individual actors.

9

To the extent that Plaintiff argues that Defendants affirmatively acted by making decisions regarding school property according to economic concerns, the Court does not agree. What this argument boils down to is that although Defendants acted in certain unidentified respects, they did not act to add padding to the playground or to provide sufficient supervision. It is the inaction of Defendants, not their actions, that Plaintiff alleges to be the cause of his harm. Moreover, this Court does not think that a school board's allocation of resources is the kind of affirmative action that should form the basis of a state created danger claim. *See infra* note 7.

Therefore, Plaintiff has failed to demonstrate that Defendants affirmatively used their authority in a way that created a danger to Plaintiff. Accordingly, Defendants' Motion to Dismiss Plaintiff's state created danger claim will be granted.

**B.**

Count Two of Plaintiff's Complaint asserts that Defendants deprived Plaintiff of his constitutional right to bodily integrity through their cost-cutting policies. Defendants move to dismiss arguing that while Plaintiff's allegations may support a tort law claim they do not give rise to a violation of Plaintiff's constitutional rights. (Defs' Br. at 15.)

To establish a claim under § 1983, "plaintiff[] must show

10

that the defendant, under the color of state law, deprived [him] of a federal constitutional or statutory right." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).  The court must first determine "the exact contours of the underlying right said to have been violated" and determine whether the plaintiff has alleged a deprivation of a constitutional right.  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

     Here, Plaintiff alleges that his liberty interest in bodily integrity was violated by Defendants' cost-cutting practices. "Individuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment."  *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008).  However, the Due Process Clause is intended to protect against arbitrary government action and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  *County of Sacramento*, 523 U.S. at 845-46.  Moreover, the Supreme Court has been unwilling to expand the concept of substantive due process and has emphasized the role of judicial self-restraint in considering such claims.  *See Collins,* 503 U.S. at 125; *see also Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000)(quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985)(Powell, J., concurring))("The history of substantive due process counsels

caution and restraint.").

In *Collins*, the Supreme Court concluded that the city's alleged policy of deliberate indifference toward the safety of city employees did not rise to the level of conscience shocking, arbitrary government action.  503 U.S. at 128.  The widow of a city sanitation worker who had died from asphyxia after entering an inadequately ventilated sewer brought a § 1983 claim against the city alleging that its policy of deliberate indifference toward the safety of city employees resulted in her husband's death.  *Id.* at 115, 117.  Despite the city's knowledge of the risks of harm, the Court did not find its actions egregious in a constitutional sense.  *Id.* at 128.  Instead, the Court characterized the claim as a "fairly typical state law tort claim" and noted that it has "previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law."[7]  *Id.*

---

[7] The Supreme Court's refusal to characterize the city's actions as arbitrary rested also on "the presumption that the administration of government programs is based on a rational decisionmaking process that takes account of competing social, political, and economic forces." *Collins*, 503 U.S. at 128.  The Court reasoned that policy decisions concerning resource allocation should be made by locally elected representatives and not by federal judges interpreting the Due Process Clause. *Id.* at 128-29.  This reasoning is equally applicable in the instant case where Plaintiff's essential objection is to a school board's allocation of resources based on economic concerns.  (*See* Compl. ¶ 40; Pl's Opp. Br. at 20)("It is . . . the state actor's affirmative implementation of their economic policy wherein cost

In *Searles v. Southeastern Pa. Transp. Auth.*, the Third Circuit found that defendant's alleged policy of deliberate indifference to passenger safety was insufficient to shock the conscience. 990 F.2d 789, 793 (3d Cir. 1993). In *Searles*, the wife of a decedent brought a § 1983 claim against SEPTA after her husband suffered fatal injuries when a railcar derailed. *Id.* at 790. The complaint alleged that Defendant had a policy of deliberate indifference to the safety of passengers and knowledge of the danger. *Id.* at 793. Noting the absence of any allegation that the decedent was deliberately harmed or that his rights were willfully violated, the Third Circuit affirmed the district court's dismissal of plaintiff's § 1983 substantive due process claims for failure to state a claim. *Id.* at 793-94.

Here, as in *Collins* and *Searles*, Plaintiff alleges that Defendants had a policy of deliberate indifference to student safety and that Defendants knew of the risks of not padding a cement-like playground and not supervising students. Plaintiff's allegations are essentially no different than those made and rejected in *Collins* and *Searles*: that Defendants' deliberate indifference to Plaintiff's safety as evidenced by their policy of prioritizing cost-cutting measures over student safety is arbitrary government action that shocks the conscience of federal

---

cutting was a priority over student safety that created the harmful condition").

judges.  *See Collins*, 503 U.S. at 126; *Searles*, 990 F.3d at 792. This Court can find no basis on which to distinguish the facts in the instant action; therefore, *Collins* and *Searles* compel the conclusion that Plaintiff's substantive due process claim should be dismissed.

Based on the foregoing analysis, Plaintiff has failed as a matter of law to state a protected liberty interest. Accordingly, Defendants' Motion to Dismiss Plaintiff's substantive due process claim is granted.

### C.

In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that a municipality can be held liable under 42 U.S.C. § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." 436 U.S. 658, 695 (1978).  For § 1983 liability to attach, Plaintiff must show that Defendants were responsible for any constitutional violations.  *Collins*, 503 U.S. at 120.  Therefore, "for there to be municipal liability, there . . . must be a violation of the plaintiff's constitutional rights." *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2008).

Because the Court has already found that Plaintiff has failed to state a protected liberty interest, Plaintiff's *Monell*

14

claim fails.  *See Startzell v. City of Philadelphia*, 533 F.3d 183, 204 (3d Cir. 2008).  Accordingly, Defendants' Motion to Dismiss Plaintiff's *Monell* claim is granted.

### D.

Defendants also move to dismiss Plaintiff's state law claim for lack of subject matter jurisdiction, arguing that "[i]n the absence of a federal claim, this Court loses its original subject matter jurisdiction."  (Defs' Br. at 27.)

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Absent exceptional circumstances impacting judicial economy, convenience, and fairness to litigants, supplemental jurisdiction over state law claims should be declined where the federal claims are no longer viable.  *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Having granted Defendants' Motion to Dismiss Plaintiff's constitutional claims pursuant to Fed. R. Civ. P. 12(b)(6), the only remaining claim is negligence.  The Court finds no exceptional circumstances to justify retaining jurisdiction in this case where no federal questions remain.  Therefore, the Court will decline to exercise supplemental jurisdiction over the remaining negligence claim.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Counts I, II and III pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.  In addition, the Court will grant without prejudice Defendants' Motion to Dismiss Count IV for lack of subject matter jurisdiction.[8]

Dated: February 7, 2011

                                                    s/Joseph E. Irenas
                                            **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[8] Defendants seek "remand" of Plaintiff's negligence claim to state court.  (*See* Defs' Br. at 27.)  However, remand is not proper here where the Complaint was initially filed in this Court and not removed from state court.